# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Evelyn Martinez,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:08-cv-00031 (CKK)** |
| | ) | **ECF** |
| **United States of America,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rules of Civil Procedure 8 and 12(e), Defendant, by and through undersigned counsel, respectfully moves for an order dismissing Plaintiff's Complaint for failure to set forth a short and plain statement of the claims or grounds for the Court's jurisdiction. Alternatively, Defendant respectfully moves this Court to require Plaintiff to provide a more definite statement. Plaintiff's Complaint is so vague and ambiguous as to who did what and when so as to deny Defendant the opportunity to frame a responsive pleading.

By filing this motion, Defendant does not waive any defenses that may be available including, but not limited to, the defenses available under Rule 12(b) and failure to exhaust administrative remedies. Due to the Complaint's lack of clarity, Defendant is not in a position to assert all defenses that may be available.

In support of this motion, Defendant relies upon the accompanying memorandum of points and authorities. A proposed Order is attached.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney


_____/s/_____
Raymond A. Martinez, TX. Bar No. 13144015
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Evelyn Martinez, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-02247-RBW |
| | ) |
| United States of America | ) ECF |
| | ) |
| | ) |
| Defendant | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(e) Defendant, by and through

undersigned counsel, respectfully moves this Court for an order dismissing Plaintiff *pro se*'s

Complaint for failure to adequately provide notice of his claims.  Alternatively, Defendant

respectfully moves this Court to require Plaintiff to provide a more definite statement.

## I.  INTRODUCTION

Plaintiff *pro se*, alleges to be a citizen from this country who was located in Ontario,

Canada in October 28, 2004.  Plaintiff alleges that she went to Canada as a tourist.  Plaintiff

alleges that once in Canada she called the Defendant seeking help because a hate crime was

plaguing the Plaintiff's livelihood in the U.S. and nothing had been done despite repeated

reporting of the crimes to different entities and agencies of the government.   Plaintiff filed this

action against the United States seemingly alleging that nothing was done about her complaint.

Plaintiff further alleges that she "realized that she would not be getting any assistance from the Defendant. The Plaintiff had been without protection in the US and now in Canada because the Defendant had refused to protect the Plaintiff against any and all crime against her and now they refused to do their duty at even the lowest level when receiving a call from an American citizen needing the government's help." See Complaint paragraph 6    Plaintiff goes on to list various events in which she states the local law enforcement, customs, the Equal Employment Opportunity Commission and the Buffalo FBI division were acting in conspiracy against the Plaintiff.    Plaintiff alleges that as a result of such action, she has been deprived of her civil rights and livelihood.

However, Plaintiff's filing is vague and unclear.    Defendant is hampered in formulating any response to the complaint in light of its rambling and unfocused nature.    Accordingly, Defendant moves that Plaintiff's filing be dismissed for failure to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.    Alternatively, the Defendant moves that Plaintiff be required to file a more definite statement consistent with rules 10(b) and 12(e).

## II. ARGUMENT

### A.    The Court Should Dismiss Plaintiff's Complaint Because it Fails to State a Cause of Action or Sufficient Facts to Support a Claim

Under the Federal Rules of Civil Procedure, the principal function of the Complaint is to give the Defendant "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Brown v. Califfano, 75 F.R.D. 497, 498 (D.D.C. 1977)(citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217).    To that end, Rule 8(a) of the Federal Rules of Civil Procedure requires that

2

a complaint filed in the federal court contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Beyond this, the rule serves to

sharpen the issues to be litigated . . . ." <u>Brown</u>, 75 F.R.D. at 498 (dismissing *pro se* Plaintiff's

complaint because it failed to reasonably inform the adverse party of the cause of action).

      Rather than comply with the requirements of Rule 8(a), Plaintiff  vaguely alleges

something about her hate crimes being ignored, a conspiracy by various government agencies

and that it deprived her of livelihood and civil rights.  It is unclear as to who she talked when

making these various complaints, as well as what specific hate crime she complained about and

how her livelihood and civil rights have been all lost.  The reader is for the most part forced to

draw its own conclusions regarding what claims Plaintiff may be asserting and the bases upon

which her claim rest.  For example, Plaintiff states in her complaint that she " asked for

intervention and investigations and protection from the kinds of crime that are investigated all

the time by the FBI and yet for 10 years not one serious crime has been investigated and yet the

defendant was all to confident that telling a US citizen to just stay in another country so that it

wil be convenient for them in the long run of their conspiracy would be ok and the right thing to

do yet again." ( <u>See</u> Count III paragraph 1 pg. 10 of  Plaintiff's complaint.)  In making this

assertion, plaintiff does not state who she asked for intervention, what kind of crimes she is

talking about, who allegedly told her to stay in another country or which serious crime had

allegedly not been investigated in 10 years.  Many of the paragraphs throughout the Complaint

have the same type of vagueness as to who allegedly committed the violation, what is the

specific violation that was allegedly committed, what specific hate crime she allegedly

complained about or how her rights have allegedly been violated.    There is no explanation or

fleshing out of the facts and circumstances.

Moreover, aspects of the complaint are vague, incoherent phrases or conclusory statements. This is not a "short and plain statement of the claim" required by Rule 8(a). Plaintiff's pleading fails to provide Defendant with clear and adequate notice of the facts or law allegedly at issue. See Sparrow v. United Air Lines, Inc., 216 F.3d 1111 (D.C. Cir. 2000)(under Rule 8, Plaintiff is required to give the Defendant fair notice of each claim and its basis.)(citations omitted). Neither Defendant, nor the Court, should be forced to guess what claims are asserted, nor should Defendant risk waiving defenses if it cannot properly guess what claims Plaintiff intends to pursue.

**B. Alternatively, the Court Should Order Plaintiff to Provide Defendant With a More Definite Statement of Her Complaint**

Rule 10(b) of the Federal Rules of Civil Procedure requires that all

averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . . Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Rule 12(e) of the Federal Rules of Civil Procedure provides that when

a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

In the event that the Court does not dismiss this action outright for failing to comply with Rule 8(a), Defendant respectfully requests that, pursuant to Fed. R. Civ. P. 12(e), the Court require Plaintiff to file a more definite statement of her claims, organized in a manner to satisfy

4

the requirements of Rule 10.  Otherwise, as set forth above, Defendant cannot properly answer or

otherwise respond to the Complaint.

Accordingly, Defendant  respectfully requests that Plaintiff be required to file a short and

plain statement of her Complaint, which provides the following details:

(1)  What specific wrongful act(s) does Plaintiff allege were committed?

(2)  On what facts does plaintiff rely on in making these allegations?

(3)  Who committed each of the alleged violations?

(4)  Where did each of the alleged violations occur?

(5)  When were the alleged violations committed ?

(6)  How were each of the alleged violations committed?

(7) What are the specific laws and/or regulations that allegedly have been violated?

(8) What specific damages occurred as a result of such alleged violations?

(9) What specific hate crime does Plaintiff alleged she complained about?

Additionally, Defendant requests that the Court order that Plaintiff answer these

questions by a date certain, and warn Plaintiff that, pursuant to Fed. R. Civ. P. 12(e), the Court

may dismiss her Complaint for failing  to respond by that date.  Finally, should Plaintiff respond,

Defendant requests forty-five days following service of Plaintiff's response to file an answer or

other appropriate response to Plaintiff's allegations.

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss

Plaintiff's Complaint because it fails to meet the minimum standard of notice pleadings.  See

Sparrow v. United Air Lines, Inc., 216 F.3d at 1118.  In the alternative, Defendant respectfully

moves this Court for an order requiring Plaintiff to file an amended complaint that provides a

more definite statement of her claims.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney


_____/s/_____
Raymond A.Martinez
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530
202-514-9150
Raymond.Martinez2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2008, I caused the foregoing to be served

first class mail, postage prepaid, addressed as follows:

Evelyn Martinez
23595 Civic Center Way
Malibu, California 90265


_____/s/_____
Raymond A. Martinez
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530
 202-514-9150
 Raymond.Martinez@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Evelyn Martinez,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 1:08-cv-00031** |
| | ) |
| **United States of America,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement.  Upon consideration of this Motion, the grounds stated therefor and the entire record of this case, it is this _____ day of _____, 2008, hereby

**ORDERED** that Defendant's Motion be and hereby is GRANTED; and it is

**FURTHER ORDERED** that the Complaint is dismissed; and it is

**FURTHER ORDERED** that any complaint re-filed by Plaintiff shall respond to the following questions:

(1)  What specific violations or acts does Plaintiff allege occurred?

(2) On what facts does plaintiff rely for these allegations?

(3)  Who committed the alleged violations?

(4)  Where did each of the alleged violations occur?

(5)  When did each of those allegedly wrongful acts occur?

(6)  How were each of the alleged violations committed?

(7) What are the specific laws and/or regulations that allegedly have been violated for each specific act?
(8) What specific harm do you claim occurred as a result?

(9) What specific hate crime do you complain about when she alleges nothing was done?

Plaintiff shall respond to these questions within _____ days of the date of this Order.

Plaintiff is hereby instructed that failure to comply with this Order may result in dismissal

of the Complaint.

_____

UNITED STATES DISTRICT JUDGE

Copies to:

        Raymond A. Martinez
        Special Assistant United States Attorney
        Judiciary Center Building
        555 Fourth Street, N.W., Civil Division
        Washington, DC  20530
        202-514-9150
        Raymond.Martinez2@usdoj.gov

        Evelyn Martinez
        23595 Civic Center Way
        Malibu, California 90265