UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EVELYN MARTINEZ
    (Plaintiff),

v.                      Civil Action No. 1:08-cv00031
                                      CKK

UNITED STATES OF AMERICA
      (Defendant).   /

AMENDED COMPLAINT
FEDERAL TORT CLAIMS ACT
FOR NEGLIGENCE AND
DERELICTION OF DUTY

This action is brought forward by Plaintiff, Evelyn Martinez under Federal Court jurisdiction. The Defendant is the United States of America and has waived sovereign immunity. On October 28, 2006, the Defendant was served via US certified mail with a Standard Form 95 Claim form and pursuant to Title 28 of the Code of Federal Regulation Section 14.9(a) and 28 USC, Sec 2675, this case is brought forward within the allowed time and under the Federal Tort

Claims Act, 28:2671. The Plaintiff request a Jury Trial.

The cause of action for this case is Negligence and Dereliction of Duty.

| | |
|---|---|
| The Plaintiff is: | EVELYN MARTINEZ |
| | 23595 Civic Center Way |
| | Malibu, CA  90265 |
| | Los Angeles County |
| The Defendant is: | UNITED STATES OF AMERICA |
| | Dept of Justice - FBI |
| | Washington, DC  20535 |

## BRIEF SUMMARY

The Plaintiff is a citizen of this country and was so on October 28, 2004. The Plaintiff thus is protected by civil rights as outlined in the US Constitution. The

Defendant is obligated to protect the citizens of this nation from criminal acts that are severe and on-going and which fall under their jurisdiction. The Defendant has established procedures to follow upon being sought for help in matters that are serious, severe, on-going and criminal.

## SUMMARY OF FACTS

### COUNT I

### DERELICTION OF DUTY

1. On October 28, 2004, Plaintiff was located in Ontario, Canada. The Plaintiff went there initially as a tourist.

2. The Plaintiff decided to call the Defendant by way of the Federal Bureau of Investigation, Buffalo, NY Division at 4:06pm using the Plaintiff's Sprint Network mobile

phone from Niagara, Canada on the same day she arrived in Canada, October 28, 2004.

3. The Plaintiff got through and spoke to a female agent whom sounded to the Plaintiff like an African-American. The agent did not give out her name nor did she want to when the Plaintiff asked her for her name.

4. The Plaintiff attempted to inform the Defendant of the purpose of the Plaintiff's call. The call lasted for about 10 - 20 minutes on and off beginning at 4:06pm as documented by the Plaintiff's Sprint Network phone records.

5. The Plaintiff told the Defendant that she wanted help from them, the FBI because she was being victimized over and over in the United States in a Hate Crime. The Plaintiff briefly attempted to give examples of the crimes

4

being launched at the Plaintiff in the US and as such it being the reason why the Plaintiff was now seeking refuge in another country, Canada.

6. The Defendant's response to the Plaintiff's pleads for federal help was to just go on and stay in Canada since it was so bad for the Plaintiff in the US.

7. The Plaintiff then proceeded to call other FBI divisions after informing the Buffalo Division agent that she was violating the Plaintiff's civil rights. The other divisions called were the New York City division and the Washington, DC division but again the Plaintiff was met with even more ignorance and depraved indifference by the Defendant.

8. The Defendant in the 20 minutes of calling that the Plaintiff engaged in with the Defendant offered the Plaintiff absolutely no federal help not even referring her

to the consulate's office.

9. The Plaintiff had been in the US without protection and now she was in Canada without US protection and not due to a lack of effort from the Plaintiff to get the federal government to protect the Plaintiff from further abuses in the US or Canada.

10. The call made to the Defendant by the Plaintiff was a distress call because the Plaintiff simply did not want to go back to the US and face more of the same abuses. The Defendant could careless. The Defendant was obligated to do something or direct the Plaintiff in some procedural and routine manner but it did not happen at all.

11. The Plaintiff called the US Consulate's office outside of Toronto, Canada on October 29, 2004. The call was made from the same mobile phone that the Plaintiff used

to call the FBI on October 28, the day before and yet the call mysteriously does not appear on the Plaintiff's phone bill. The Plaintiff believes that the Defendant interfered with the documenting of that call by the telecommunication network, Sprint.

12. The Defendant because of their dereliction of duty and negligence against the Plaintiff in acting with depraved indifference would benefit from not having the Plaintiff's call to the Consulate's office documented.

## COUNT II

### NEGLIGENCE

13. The Plaintiff got through to the US Consulate's office on October 29, 2004 and was told by a female Plaintiff believes was an older, caucasion female that she

could only be helped by the Consulate's office if she was arrested in Canada and that she should just go back to the US. The unidentified female the Plaintiff spoke with for approximately 10-15 minutes also alluded to a situation that was about to be sprung on the Plaintiff as she said to the Plaintiff after finding out the Plaintiff's full name "oh, your'e going to pay dearly". The Plaintiff did not further inquire to her about what she meant but felt it had to do with somekind of setup.

    **14.** The Plaintiff left Canada that evening and within 12 hours or so was arrested by the Amherst, NY police dept for not having paid a 1997 traffic ticket and consequently having the privilege to drive in NY state suspended pending the payment of the $85.00 traffic ticket from 1997.

The Plaintiff had visited Canada on October 20, 2004 and on the way back at approximately 9:15pm was escorted by the US Custom to a stall where her vehicle was checked out and no order to arrest was present. On or about October 5, 2004 the Plaintiff was held by Canada's Immigration section at the border crossing in Vermont because she did not have the health certificate for her 2 dogs. She was checked out for about an hour and then told she could come in to Canada. She was told that they had to make sure there were no orders for arrest, etc. On or about October 26, 2004 the Plaintiff was stopped in the very late night for having a taillight out in her vehicle by the Williamson town police and only received a equipment repair ticket and was not arrested for a 1997 old traffic ticket so the Plaintiff was setup by the Defendant and the local police of Amherst

NY so as to retaliate against the Plaintiff for exposing US abuses and talking about taking legal action and to cause the Plaintiff emotional distress and harm by separating her from her pets and property. The Plaintiff spent 11 days in jail and was forced to plead guilty because of an incompetant legal Public Defender who only spoke to the Plaintiff 5 minutes before trial.

    15. The US Consulate office acted with complete depraved indifference and negligence in not securing the Plaintiff from the extreme abuses she was experiencing already and those about to be launched against her by the very government we should all trust.

    16. The duty of the Consulate's office is to see to the welfare of its citizens in another country and not in

the very least was the Plaintiff's welfare taken into consideration by neither the FBI's offices or the US Consulate's. The Plaintiff was left on her own both in the US and in Canada.

17. The Plaintiff was warn of retaliation by the government and was then retaliated against by the government.

18. Procedures in handling US citizens needing help in a foriegn country were not followed again by yet another office this time the US Consulate's office. Plaintiff Evelyn Martinez was ignored and deprived of protection.

### COUNT III

### DAMAGES

19. Plaintiff is entitled to be compensated for emotional distress and mental anguish the Plaintiff suffered because of the depraved indifference by the

Defendant to do something anything on behalf of the Plaintiff once she crossed into another country (Canada) and sought protection or intervention by the US government whose duty it is to see to the welfare of their citizens in a foreign land.

20. The Plaintiff suffered an illegal detention in the US where the Defendant sent the Plaintiff back to after warning her that she would pay dearly. The Plaintiff lost her freedom for 11 days on an act that was concocted in retaliation for the Plaintiff seeking refuge in Canada and seeking to expose civil right abuses back in the US. She was set-up and the Defendant was fully aware of it.

21. The Plaintiff was left on her own and came back to the US and right back to abuses and persecutions uninvestigated or dealt with.

## CONCLUSION

The Plaintiff needed something, anything common in the handling of a citizen in distress who is on foreign land. The Plaintiff went to the FBI and to the US Consulate's office (via telephone) and informed them of a criminal in nature persecution in the United States of her which had been on-going for a long time and of which she had proof. The best the Defendant did for the Plaintiff was to tell her to just stay in Canada while the US Consulate's office told her to go back because they could not help her unless she was arrested in Canada and also told her that the Plaintiff would pay dearly. The Plaintiff deserved better. The Defendant should have taken the Plaintiff's concerns seriously and professionally.

WHEREFORE, the Plaintiff request that this Court find the Defendant liable to the Plaintiff in compensible and punitive damages for the intentional and deliberate depraved indifference to the Plaintiff's pleads for intervention in a Hate crime and other crimes that the Plaintiff cannot take on herself or should. The Plaintiff suffered irrepparable damage and loss. The Plaintiff request compensation in the amount of one-hundred million dollars, $100,000,000.00.

Dated June 16, 2008

EVELYN MARTINEZ
Plaintiff Pro Se
23595 Civic Center Way
Malibu, CA  90265
Tele No.  386 453-6074

**CERTIFICATE OF SERVICE**

I, hereby certify that a true and correct copy of the Plaintiff's Amended Complaint has been provided to the Defendant's attorney, US Attorney, Jeffrey Taylor such copy having been mailed via US mailed to 555 Fourth Street, NW Civil Division, Washington, DC  20530 on June 16th, 2008.

_____
**EVELYN MARTINEZ**
**Plaintiff Pro Se**