UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 0 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EVELYN MARTINEZ
    (Plaintiff),

v.                         Civil Action No. 08-0031 (CKK)

UNITED STATES OF AMERICA
_____(Defendant).___/

## MOTION FOR SANCTIONS AGAINST DEFENDANT

Plaintiff, Pro Se, Evelyn Martinez pursuant to the Federal Rules of Evidence, Fed. R. Civ. P and this Court's Local Rules hereby request the Defendant be sanctioned for proceeding in this matter unethically, in bad faith and for proceeding knowingly against black-letter rules in order to manipulate and control this matter. In support herein of this motion, the Plaintiff makes the following statement:

1. The Defendant stated in its Motion to Dismiss this case that pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) the Plaintiff failed to "state a claim on which relief can be granted and lack of subject matter jurisdiction" and in presenting to this Court its Motion to Dismiss, the Defendant decided that it was appropriate to include documents that

    a) are sensitive in nature or should be treated as such and that at the very least the Defendant should have requested be filed under seal and that

    b) pursuant to LCvR 5.4(f) should have been redacted because personal identifiers are to be excluded from all electronically filed documents unless they are ordered by the Court.

The Defendant decided to without the commencement of discovery put out every document it had from the Plaintiff

in an unnecessary act of wanting those documents on record as if making sure to expose them for public viewing before this case gets going.  The Defendant knows that lots of information are on those documents including personal identifiers most specifically the Plaintiff's date of birth, Dept of Motor Vehicle information, an account number, etc.  The Defendant did nothing to conceal _any_ personal identifier at all of the Plaintiff and done so by the Defendant under the guise of supporting their Motion to Dismiss.

    2.  The Defendant had the opportunity to bring up Argument II A-D in its Motion to Dismiss dated June 30, 2008 on its first Motion to Dismiss dated February 7, 2008 and it did not.  The points raised June 30, 2008

regarding the Plaintiff's complaint were there Feb 7, 2008 and the Defendant in bad faith withheld bringing them up as in toying with this Court and the Plaintiff and the process.

    3. Pursuant to LCvR 5.2 (b), the Defendant filed documents with its Motion to Dismiss that was not done in accordance with LCvR 5.2 (a) or (b) or the Federal Rules of Evidence but done and governed by the Defendant's desire to proceed unethically and in bad faith against the Plaintiff thus prejudicing her.

    WHEREFORE, the Plaintiff request this Court considers the damages brought upon by the Defendant against the Plaintiff by the unnecessary disclosure of sensitive documents to which zero attempt was made to protect as the Defendant acted preemptively in this case.

The Plaintiff also request that this Court finds that the Defendant toyed with the process by not asserting the arguments it brought up in June 30th, 2008 Motion to Dismiss which could have been brought up February 7, 2008 in the Defendant's first submission of its Motion to Dismiss. The Plaintiff request appropriate sanctions be made against the Defendant for damages.

Dated August 4, 2008

Respectfully Submitted,

**EVELYN MARTINEZ**
Plaintiff Pro Se
23595 Civic Center Way
Malibu, CA 90265
386 453-6074

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing document was sent to the Defendant via counsel Special Assistant US Attorney Megan Weis, Civil Division, at 555 4th Street., NW, Washington, DC 20530 via US mail on ___August 4,___ 2008.

```
_____
EVELYN MARTINEZ
Plaintiff Pro Se
```