UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVELYN MARTINEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STAES OF AMERICA, )<br>)<br>)<br>Defendant. )<br>_____) | Civil Action No. 08-00031 (CKK)<br>ECF |

**REPLY TO PLAINTIFF'S OBJECTION TO
DEFENDANT'S MOTION TO DISMISS**

Defendant, the Untied States of America, hereby respectfully files this reply to Plaintiff's Objection to Defendant's Motion to Dismiss ("Opposition"). Plaintiff's claim under the Federal Tort Claims Act ("FTCA") should be dismissed pursuant to Federal Rule of Civil Procedure 12(b) (6) and 12 (b) (1). Plaintiff has not only failed to timely exhaust her administrative remedy, she lacks standing to complain about a decision not to investigate or prosecute third parties. Further, Plaintiff's allegations fall within the discretionary function exception to the FTCA. Finally, should this matter not be dismissed, this case should be transferred because this court is not the proper venue for Plaintiff's claim.

**ARGUMENT**

I.  Plaintiff's Claim Should Be Transferred

Plaintiff is making her claim pursuant to the FTCA. Venue for FTCA claims is controlled by 28 U.S.C. § 1402(b), which provides that "any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the

judicial district where plaintiff resides or wherein the act or omission complained of occurred." Therefore, based on the location of Plaintiff's allegations and her stated home address, the only proper venues for this case are the Central District of California or the Northern District of New York.

Moreover, in her Opposition, Plaintiff does not argue that D.C. is the proper venue for her claim. Rather, she simply states that "the Plaintiff would accept the decision of the Court regarding proper venue and would hope that this Court would transfer this case to California where the Plaintiff resides rather than New York where the action occurred." See Opposition, Dkt. No. 17, at ¶1. Defendant interprets Plaintiff's lack of objection and request to transfer the case to California as a concession by Plaintiff that D.C. is not the proper venue for the instant case. Therefore, should this matter not be dismissed for the reasons detailed in Defendant's Motion to Dismiss and below, Defendant submits that the Court should transfer the case to a proper venue. Defendant does not oppose Plaintiff's request to transfer the case to Central District of California.

II. Plaintiff's Claim is Timed Barred

Under the FTCA, the United States has consented to be sued for certain common law causes of action based on the conduct of federal employees subject to certain specific conditions. One of those conditions is the claimant must "present in writing" a claim to the appropriate federal agency within two years of accrual of the tort claim. 28 U.S.C. § 2401(b).

The Plaintiff alleges she called "the Buffalo FBI" on October 28, 2004, at 4:06 P. M. See Complaint, Dkt. No. 17 at ¶2. While Plaintiff is correct in stating that her claim was received "in D.C." on October 28, 2008, the claim giving rise to this case was not "presented" to the

appropriate federal agency, the Federal Bureau of Investigation ("FBI") until October 30, 2006. See Attachment A to Defendant's Motion to Dismiss (Dkt. No. 18).

The FBI's receipt was beyond the applicable two-year statute of limitation and thus, Plaintiff has not timely exhausted her administrative remedy. See Stokes v. U.S. Postal Service, 937 F. Supp. 11 at 14-15. (D.D.C. 1996). Therefore, Plaintiff's tort claim against the United States should be dismissed.

III. The Discretionary Function Bars Plaintiff's Claims

The discretionary function exception to the FTCA provides that no claim may be asserted under the FTCA where liability is "based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function . . . on the part of . . . an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680 (a); see United States v. Gaubert, 499 U.S. 315, 325 (1991). Where the discretionary function exception is applicable, the United States is shielded from liability even where the discretion was negligently exercised. See Berkovitz v. United States, 486 U.S. 531 (1987).

The FBI's declination to investigate Plaintiff's complaints clearly is a discretionary function. Moses v. Kennedy, 219 F. Supp. 762 (D.D.C. 1963), aff'd sub nom., Moses v. Katzenbach, 342 F.2d 931 (D.C. Cir. 1965) (initiation of a criminal investigation by the FBI is discretionary). Because the FBI's decision to investigate is discretionary, the FBI had no duty to act upon Plaintiff's complaints. Moreover, in her Opposition, Plaintiff does not rebut that her claim falls within the FBI's discretionary authority, but rather simply alleges that Defendant is acting with "depraved indifference." See Opposition at ¶ 3, p. 8. Accordingly, Plaintiff's Complaint fails to state a claim for which relief can be granted, and should be dismissed.

IV. <u>Plaintiff Lacks Standing to Raise Claim of Non-Prosecution</u>

Plaintiff alleges that the FBI (or Defendant, the United States of America), failed to act on her claims of civil rights abuses being committed against her by unspecified actors. <u>See</u> Complaint at ¶5. Plaintiff then alleges that "the Buffalo Division agent" was "violating the Plaintiff's civil rights." <u>See</u> <u>Id</u>. at ¶7.

Private citizens "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." <u>Linda R.S. v. Richard D.,</u> 410 U.S. 614, 619 (1973). Plaintiff, as a private citizen, has no federal right to compel an FBI investigation, as initiating an investigation is a function of governmental discretion. <u>See</u> <u>Millhouse v. Levi</u>, 2008 WL 510471, at *1 (3d Cir. Feb.27, 2008) (concerning request to investigate detention center, and citing <u>Linda R.S.</u>). Plaintiff's only response to Defendant's above argument is that she is "an American private citizen and as such is clearly protected by the US Constitution." <u>See</u> Opposition at ¶4. Therefore, because Plaintiff, admittedly, is bringing this claim as a "private citizen," she lacks standing to raise the issue of the non-prosecution of another and her claim should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6).

## **CONCLUSION**

For the reasons stated above, Defendant respectfully asks this Court to dismiss Plaintiff's Complaint.

Dated: August 21, 2008

    Respectfully submitted,

    _/s/_____
    JEFFREY A. TAYLOR, D.C. Bar #498610
    United States Attorney

    _/s/_____
    RUDOLPH CONTRERAS, D.C. BAR #434122
    Assistant United States Attorney

    _/s/_____
    MEGAN M. WEIS
    Special Assistant U.S. Attorney
    United States Attorney's Office
    Civil Division
    555 4th Street, NW
    Washington, D.C. 20530
    (202) 514-5134