**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **EVELYN MARTINEZ,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 08-0031 (CKK)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

The plaintiff, Evelyn Martinez, has filed an amended *pro se* complaint seeking $100 million in damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, asserting that the Federal Bureau of Investigation ("FBI") was derelict in its duty and negligent in depriving her of unspecified protections and not offering help when she called its offices. The defendant has moved to dismiss the complaint on multiple grounds, and the plaintiff has moved for sanctions on multiple grounds. For the reasons explained here, the plaintiff's motion for sanctions will be denied, the defendant will be required to certify compliance with Local Civil Rule 5.4(f), the defendant's motion to dismiss for failure to state a claim will be granted, and the complaint will be dismissed.

## I. FACTUAL BACKGROUND

The complaint states that Martinez, while visiting Canada as a tourist, called an FBI field office on October 28, 2004, seeking help "because she was being victimized over and over in the United States in a Hate Crime" (Compl. ¶ 5) that she considered to be "persecution" "of a criminal . . . nature" (*id.* at 13). Receiving a response that did not satisfy her, Martinez then

called two other FBI offices. (*Id.* ¶ 7.) The defendant offered Martinez "absolutely no federal help not even referring her to the consulate's office" (*id.* ¶ 8), even though "[t]he defendant was obligated to do something or direct the Plaintiff in some procedural and routine manner" (*id.* ¶ 10).[1] Stating that "[t]he Defendant should have taken the Plaintiff's concerns seriously and professionally" (*id.* at 13), Martinez seeks compensation for emotional distress and mental anguish (*id.* ¶ 19), and "compens[atory] and punitive damages for the intentional and deliberate depraved indifference to the Plaintiff's plea[]s for intervention in a Hate crime and other crimes that the Plaintiff cannot take on herself" (*id.* at 14.) The FBI received Martinez's administrative claim on October 30, 2006.

## II. DISCUSSION

### *A. Defendant's Motion to Dismiss*

A *pro se* complaint is entitled to a liberal construction. *Haines v Kerner,* 404 U.S. 519, 520 (1972). Construed liberally, the *pro se* pleading complains that the FBI did not act or offer information or direction to the plaintiff when she called in distress, although it was "obligated to do something." (Compl. ¶ 10.)

On a motion to dismiss for failure to state a claim upon which relief may be granted, a court must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. *Maljack Products, Inc. v. Motion Picture Ass'n of America, Inc.,* 52 F.3d 373, 375 (D.C. Cir. 1995). However, a court need not accept inferences unsupported by the

---

[1] Martinez also alleges that she was "setup by the Defendant and the local police of Amherst, NY," where she was arrested on an old parking ticket (*id.* ¶ 14) and spent 11 days in jail in what she terms an "illegal detention" (*id.* ¶ 20), after she pled guilty "because of an incompetent Public Defender" (*id.* ¶ 14). These allegations are not reflected in any claim asserted in the complaint.

factual allegations or legal conclusions cast in the form of factual allegations. *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). Failure to timely exhaust mandatory administrative remedies is properly analyzed as a failure to state a claim. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character"). In keeping with the obligation to construe all factual allegations in the light most favorable to the plaintiff, a limitations defense may be granted on a motion to dismiss only if the complaint is conclusively time-barred on its face. *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir. 1996).

1. Timeliness of the Administrative Claim

The defendant has moved to dismiss the complaint on the ground that it is barred because the plaintiff did not present her administrative complaint within two years of the incident, as required. An action against the United States under the FTCA may proceed only if the plaintiff previously submitted the claim to the appropriate federal agency within two years of the time the claim accrued. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). "An action shall not be instituted upon a claim against the United States for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been

finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

Here, the complaint alleges that Martinez contacted the FBI's Buffalo field office on October 28, 2004. (Compl. ¶ 2.) However, it also states that she later called two other offices and does not specify the date on which those calls were placed. (*Id.* ¶ 7). Therefore, the complaint is not, on its face, conclusively time-barred, as there is insufficient information in the complaint on which to conclude that plaintiff's FTCA claim received by the FBI on October 30, 2006 was time-barred. Accordingly, the defendant cannot prevail on its motion to dismiss on this ground.

2. <u>Discretionary Function Exception to the FTCA</u>

The complaint does not state with particularity what the FBI failed to do that it should have done. Martinez alleges that she reported being repeatedly victimized by hate crimes, and that the FBI did nothing. "The Defendant should have taken the Plaintiff's concerns seriously and professionally." (Compl. at 13.) Without more specificity, the only reasonable inference is that the FBI should have investigated the reported offenses. The defendant contends that the complaint fails to state a claim upon which relief may be granted because the conduct giving rise to the complaint falls within the discretionary function exception to the FTCA.

The FTCA does not effect a waiver of the United States' sovereign immunity for any claim "based upon the exercise, performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The Supreme Court has established a two-step test to determine whether the exception is applicable. The discretionary

function "exception covers only acts that are discretionary in nature, acts that involve an element of judgment or choice." *United States v. Gaubert,* 499 U.S. 315, 322-23 (1991). If a binding "federal statute, regulation, or policy specifically prescribes a course of action for the employee to follow," *id.* at 322, then "the employee has no rightful option but to adhere to the directive," *Berkovitz v. United States,* 486 U.S. 531, 536 (1988). *See also Loughlin v. United States*, 393 F.3d 155, 163 (D.C. Cir. 2004) ("Failure to abide by such [binding] directives opens the United States to suit under the FTCA.") Otherwise, where the challenged conduct involves an element of judgment and is of the nature and quality that Congress intended to shield from tort liability, the United States is immune from an FTCA suit. *Id.* "[T]he purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Gaubert,* 499 U.S. at 323 (internal quotation marks and citation omitted).

The decision to allocate limited governmental resources to investigate a reported crime, like the decision to allocate limited resources to prosecute a crime, is a discretionary function.

> [D]ecisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law, and, accordingly, courts have uniformly found them to be immune under the discretionary function exception. . . . The federal government's decisions concerning enforcement of its criminal statutes comprise a part of its pursuit of national policy. If the government could be held liable for prosecuting or failing to prosecute [a particular] . . . case, its choices in [an entire] area ... could quite conceivably be affected by . . . a [private] suit. Thus, a policy decision of the federal government might be influenced by a plaintiff with no governmental responsibility. Finally, the prosecutor's decision whether or not to initiate prosecution has historically been subject to little or no judicial scrutiny and is not readily amenable to evaluation by courts. The discretion of the Attorney General in choosing whether to prosecute or not to prosecute, or to abandon a prosecution already started, is absolute.

*Gray v. Bell*, 712 F.2d 490, 513-14 (D.C. Cir. 1983) (internal quotation marks and citations omitted; alterations in the original). *See also, e.g., Shuler v. United States,* 531 F.3d 930, 934 (D.C. Cir. 2008) (holding that law-enforcement official's decision on when to arrest a suspect is a discretionary function); *Moore v. Valder,* 65 F.3d 189, 197 (D.C. Cir. 1995) ("Deciding whether to prosecute, assessing a witness's credibility . . . are actions that . . . are quintessentially discretionary."); *Pooler v. U.S.*, 787 F.2d 868, 871 (3d Cir. 1986) ("Decision making as to investigation and enforcement, particularly when there are different types of enforcement action available, are discretionary judgments.") (internal quotation marks, alteration and citation omitted); *Bragdon v. U.S.*, 537 F. Supp. 2d 157, 160 (D.D.C. 2008) (deciding that the FTCA does not reach a claim for negligence in a crime investigation because the investigation is discretionary); *Flax v. U.S.,* 847 F. Supp. 1183, 1190 (D.N.J. 1994) (deciding that the FBI's alleged negligence in its surveillance of a kidnaping victim was a discretionary function for purposes of the FTCA). The FBI's decision whether or not to investigate the supposed criminal activity reported by Martinez is a discretionary function, and the United States is immune from suit for damages flowing from that decision.

The plaintiff's belief that the FBI had a duty to her that she may enforce through this civil action is mistaken. It has been determined that the Attorney General's guidelines on criminal investigations "do not . . . create a duty in favor of the general public." *Kugel v. United States,* 947 F.2d 1504, 1507 (D.C. Cir. 1991). Similarly, the Court is aware of no legally cognizable duty on the part of the FBI to the plaintiff to provide her with information or to refer her to any other agency or office. Accordingly, the plaintiff's claims for negligence and dereliction of duty fail to state a claim upon which relief may be granted, and will be dismissed.

*B. Plaintiff's Motion for Sanctions*

The plaintiff seeks monetary sanctions for defendant's failure to abide by Local Civil Rule 5.4(f), which requires the filer to redact certain personal information from any documents filed.[2] In fact, defendant neglected to redact the plaintiff's date of birth from at least three of the pages of documents it filed as an exhibit to its motion to dismiss, a violation of Rule 5.4(f). For her part, when plaintiff filed her motion for sanctions, she failed to comply with Local Civil Rule 7(m), requiring her to confer with opposing counsel before filing. Had she done so, the violation might well have been corrected immediately. The defendant has elected not to respond to the motion for sanctions or to correct its obvious violation. The defendant's failure to correct the violation brought to its attention is indefensible, but plaintiff has not shown prejudice warranting monetary sanctions. Therefore, the plaintiff's motion for monetary sanctions will be denied, but the defendant will be required, within five business days, to contact the Clerk of Court and arrange to remove the pages it filed that contain plaintiff's personal identifiers, and to replace the removed pages with redacted versions of the same pages, and then file a notice with the Court certifying that its filings comply with the privacy requirements of Rule 5.4(f).

A separate order issued this same day accompanies this memorandum opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: November 25, 2008

[2] Plaintiff also faults defendant for raising arguments in its motion to dismiss the amended complaint that it did not raise in it motion to dismiss the original complaint. Plaintiff's objection to defendant's conduct is without merit. The defendant first filed a motion to dismiss or in the alternative for a more definite statement because plaintiff's claims in the original complaint were not clear. The amended complaint clarified the claims, and then defendant responded to the amended complaint. Defendant's conduct in this regard is above reproach.